# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:22CV-P663-JHM

**TYLER JOSPEH PETTY**                                                                                                                           **PLAINTIFF**

v.

**J.J. SCARBOROUGH** *et al.*                                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyler Joseph Petty filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and give Plaintiff the opportunity to file an amended complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a convicted inmate at the Meade County Detention Center (MCDC), sues MCDC Jailer J.J. Scarborough in his individual and official capacities.

Plaintiff alleges that Defendant Scarborough "has violated my rights and the rights of the piers around me on many account on 05/6/22 I was denied my religion . . . ." He asserts that Defendant Scarborough "has violated my right by refusing to answer my request to the best of his knowledge on 06/06/22 . . . ." He also states that Defendant Scarborough "violated my right as well as my piers by denying us our religious feast (Fall equinox) . . ." and denying "religious items such as a sun wheel pe[nd]ant & oath ring." Plaintiff also asserts that Defendant Scarborough "has violated my right by refusing to answer my request to the best of his knowledge on 08/08/22 . . . ." For each of the above alleged violations of his rights, Plaintiff states, "I have it documented . . . electronically."

Plaintiff also states as follows:

> J.J. Scarborough has violated my right by refusing to pay me & my piers for the work they have us do by getting up and cleaning, making sure all the towels are by the door for them to pick up. I am a [Department of Corrections] inmate along with my fellow piers if we don't work we get punished (put in the hole, tv taken).

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "immeditly stoping forced labor tell case resolved" and to be transfered while the case is pending.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Religious exercise*

The Court construes the complaint as alleging claims for violation of the First Amendment's Free Exercise Clause and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff does not identify his religion or make any allegation that shows that the exercise of his religion was substantially burdened by Defendant's action. Therefore, Plaintiff's claims are subject to dismissal for failure to state a claim. However, before dismissing the claims, the Court will give Plaintiff an opportunity to provide more facts to support these claims.

#### B. *Inmate work*

Plaintiff also alleges that Defendant Scarborough violated his rights by forcing him to work without pay while incarcerated. However, the fact that an inmate is required to work does not

violate his constitutional rights. *Dickson v. Pennington*, No.: 3:14-cv-316-PLR, 2014 U.S. Dist. LEXIS 96944, at *4 (E.D. Tenn. July 17, 2014) (collecting cases); *Treadway v. Rushing*, No. 4:10 CV 2283, 2010 U.S. Dist. LEXIS 133243, at *4 (N.D. Ohio Dec. 16, 2010). Therefore, this claim, including his claim for injunctive relief, will be dismissed for failure to state a claim upon which relief may be granted.

### C. Request for transfer

With regard to Plaintiff's request to be transferred, inmates have no constitutional right to placement in a particular prison facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) (inmate has no constitutional right to be transferred from one institution to another). Therefore, Plaintiff's injunctive-relief claim seeking a transfer must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim based on being required to work while incarcerated and his claim for injunctive relief are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As stated above, the Court will give Plaintiff an opportunity to file an amended complaint. **IT IS THEREFORE ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file an amended complaint** to provide more facts concerning his claims for denial of religious exercise and violation of RLUIPA.

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for the reasons set forth herein.**

4

5

**The Clerk of Court is DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the word "Amended" written in the caption, along with three summons forms.

Date: May 26, 2023

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4415.010

5